JUAN GARCÍA FRAGUADA ET AL., Plaintiffs and Appellees, *v.* RAFAEL MARÍA GONZÁLEZ, Defendant and Appellant.

No. 5910. Argued November 23, 1934.—Decided January 18, 1935.

*J. Henri Brown, C. Ruiz Nazario, G. E. González* and *G. Benítez Gautier* for appellants. *Bolívar Pagán* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In an action brought under Act No. 43 of 1913 as amended in 1917, a district court ordered the removal of a wire fence which had been erected by defendant across an alleged neighborhood road and enjoined any further interference by defendant with plaintiff's access to a certain portion of such road or use thereof.

At the trial plaintiffs introduced a certificate to show that the road had been recorded in the Dpeartment of the Interior. This certificate indicated that, as a result of a public hearing duly held September 30, 1920, the section of road in question had been abandoned. Plaintiffs then introduced a document the pertinent portion of which reads as follows:

"Municipal Government of Gurabo, P. R. MINUTES.

.   .   .   .   .   .   .   .   .   . ,

"Containing the resolution adopted by the Council of Administration at a public hearing held on September 30, 1920, pursuant to an application from Mr. Rafael González requesting the condemna-

tion (*anulación*) of 604 meters of municipal road No. 3, on the ground that the said portion of the above road was entirely unnecessary.

"In the town of Gurabo, P. R., at 2:00 P. M. on September 30, 1920, there met, in the session hall of the municipal building, the gentlemen whose names appear above and who had been previously called for a public hearing, as provided by Section 53 of the Municipal Law, in order to vote on a petition filed by Mr. Rafael González, who res'des and owns property in this district, is regard to the abandonment or discontinuance (*anulación*) of a portion of municipal road No. 3, 604 meters long, called Hato Nuevo. The hearing was held in the following manner:

.    .    .    .    .    .    .    .    .    ,

"Mr. Rafael González took the floor and said that, as stated in his petition, he owned property in the district and resided in the ward of Hato Nuevo. He said that as there was in road No. 3 of this municipality a portion of it 604 meters long which served no purpose since it led nowhere but to his property and therefore did not lead to any dwelling whose owner might derive any benefit therefrom, and inasmuch as the municipality was obliged to provide for its maintenance without any benefit to the neighborhood, he requested that the said portion of road be stricken from the register as a neighborhood road. He said that the said road lay between (sic) municipal road No. 4 which, starting from road No. 5, goes through the wards of 'Mamey' and 'Hato Nuevo', enters the Carolina district and the Juncos district where it ends because in this district there is no registered municipal road serving as its terminus.

"When Mr. Rafael González concluded his statement, the matter was fully discussed and all the gentlemen present took part in the discussion. The matter was resolved by Pedro Calderón, Juan Reyes, Evangelista Díaz, Serafín Miranda and Martín Díaz, in the sense of granting the petition of Mr. Rafael González if he would bind himself to allow those living in the neighborhood to pass over that stretch of road when go'ng to the town of Juncos, to which Mr. Rafael González agreed. Aurelio Morales, Inocencio Mojica and Juan García absolutely opposed the condemnation (anulación) of the said piece of road.

"In view of the foregoing and of the fact that in the opinion of the members of the counc'l present, a majority of those interested in the matter were for condemnation (*anulación*) upon the promise of Mr. González not to forbid their passage through his property, and being also convinced of the uselessness of that piece of road as it

only led up to the district of Juncos without connecting with any vicinal road in that district through which one might reach other towns, the only connection being with a private local road; in view also of the fact that the repairing and maintenance of the said piece of road entails the necessary expenses to the municipality and that in the case of such useless road that would be a superfluous expenditure of money, the Council of Administration voted the following ordinance:

"Be it resolved by the Council of Administration of the town of Gurabo, P. R., Section One: That the piece of municipal road No. 3 of this municipal district 604 meters long lying between (sic) municipal road No. 4 which, starting from insular road No. 5, goes through the wards of 'Mamey' and 'Hato Nuevo' adjoining the farm of Messrs. González up to the Juncos district after passing through the said farm, is hereby discontinued (*anulado*).

This action was taken by the Municipal Council of Administration in accordance with the provisions of Section 53 of the Municipal Law then in force. (Session Laws 1919, 684, 714.) The cost of upkeep and maintenance was one of the reasons which led to abandonment. We cannot agree with the district judge, however, that the scope and effect of the ordinance or resolution must be limited to the elimination of this item of expense. We are not now concerned with any question of title or ownership of the land nor with any question as to the right of the municipality to resume possession and control thereof or to reopen the road at any time, nor with any question as to the respective possessory rights of the municipality and of defendant as between themselves. The municipality is not a party to the present action. The action taken by the Council of Administration amounted to a definite discontinuance and abandonment of a certain section of the road. Whether this abandonment was permanent or temporary or for an indefinite period is not a pivotal point. Nor does this case turn upon any reservation in favor of certain individuals who are not now asserting their rights, whatever those rights may be. Plaintiffs were not en route to Juncos nor to any point beyond the bound-

aries of defendant's plantation. A strike in which plaintiffs and others were interested was then in progress. Plaintiffs were told that they might pass through defendant's property singly as individuals but this was not what they desired to do. They carried red flags and their plan was to enter in mass formation for the purpose of inducing defendant's employees to quit work and go on strike. Defendant refused to permit this. Plaintiffs replied that if they could not proceed in marching order they would not enter. One of the group exhibited a document signed by the *alcalde* authorizing the bearer to enter defendant's property for the purpose of repairing the road but there was no pretense of entering the property for the purpose indicated in the permit.

Plaintiffs in an action of this kind, by express statutory provision, must set forth in their complaint that they were "within the year preceding the filing of the complaint in the actual possession of the property described in said complaint if it is sought to recover it, and" that they are "in possession thereof if it is sought to retain it." (Session Laws 1917, Vol. II, 220, 222.) The present action was commenced in November, 1930. It was in March of that year that defendant refused to permit plaintiffs to make use of the road in the manner and for the purpose indicated in the preceding paragraphs. The district judge also found that defendant at or about the same time had built a fence across the road. There is, we think, no satisfactory basis for this finding. Positive testimony for the defense established the fact that defendant in 1920, immediately after formal abandonment of the road by the municipality, had posted a no-trespassing notice by the roadside at or near his boundary line and in 1928 had built the fence at a point where the road crossed a stream which also traversed his property. The crossing had been washed away by heavy rains incident to the hurricane of 1928. The swollen stream had cut away the bank or portion thereof leaving instead a bluff which made the road itself practically impassable. The fence had been

built along the brink of this bluff in order to prevent cattle from falling over it. There was some testimony of a negative sort tending to support, by more or less doubtful inference, the finding of the district judge but this testimony in the face of the more persuasive and practically uncontradicted evidence just referred to falls far short of the strong showing necessary to justify injunctive relief. We are unable to escape the conclusion that the fence was built in 1928 and that defendant had been in actual possession and control of the section of road in question since 1920. Plaintiffs therefore, as a part of the travelling public or otherwise, had not been in actual possession of the section of road in question either in March, 1930, or at any time within a year before the filing of the complaint.

The judgment appealed from must be reversed and the action dismissed with costs, excluding attorney's fees, to defendant.